UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRANCE KENNEDY** | **CIVIL ACTION** |
| **versus** | **NO. 14-655** |
| **ROBERT TANNER, WARDEN** | **SECTION: "H" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Terrance Kennedy, is a state prisoner incarcerated at the Rayburn Correctional Center in Angie, Louisiana. On January 25, 2010, he pleaded guilty to simple burglary and attempted armed robbery under Louisiana law. On that same date, he was sentenced on the former conviction to a term of six years imprisonment and on the latter conviction to a term of ten

years imprisonment without benefit of probation, parole, or suspension of sentence. It was ordered that his sentences be served concurrently.[1] He did not appeal his convictions or sentences.

On January 24, 2011, petitioner filed a "Motion to Reconsider, Amend, and/or Modify Sentence" with the state district court.[2] That application was denied on February 24, 2011.[3]

On March 1, 2011, petitioner filed an application for post-conviction relief with the state district court.[4] That application was denied on March 15, 2011.[5] The Louisiana First Circuit Court of Appeal then denied his related writ application on August 1, 2011.[6]

On February 28, 2012, petitioner filed a "Motion to Clarify Sentence and Order for Extradition" with the state district court.[7] That motion was denied on March 7, 2012.[8]

---

[1] State Rec., Vol. I of II, transcript of January 25, 2010; State Rec., Vol. I of II, minute entry dated January 25, 2010.

[2] State Rec., Vol. I of II. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The dates on which that occurred with respect to the filings in the instant case are not apparent from the record. However, the undersigned will use the signature dates as the filing dates, in that the documents could not have been placed in the prison mailing system prior the dates on which they were signed.

[3] State Rec., Vol. I of II.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. I of II.

[6] State v. Kennedy, No. 2011 KW 0725 (La. App. 1st Cir. Aug. 1, 2011); State Rec., Vol. I of II.

[7] State Rec., Vol. I of II.

[8] State Rec., Vol. I of II.

On March 11, 2012, petitioner filed a "Motion for Specific Performance of Plea Agreement" with the state district court.⁹ That motion was denied on March 14, 2012.¹⁰

On April 12, 2012, petitioner filed a "Motion to Correct Illegal Sentence" with the state district court.¹¹ That motion was denied on April 19, 2012.¹² His related writ applications were then denied by the Louisiana First Circuit Court of Appeal on August 13, 2012,¹³ and by the Louisiana Supreme Court on November 15, 2013.¹⁴

On March 17, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.¹⁵ The state has filed a response arguing, *inter alia*, that the federal application is untimely.¹⁶ Petitioner has filed a reply to that response.¹⁷

---

⁹ State Rec., Vol. I of II.

¹⁰ State Rec., Vol. I of II.

¹¹ State Rec., Vol. I of II.

¹² State Rec., Vol. I of II.

¹³ State v. Kennedy, No. 2012 KW 0899 (La. App. 1st Cir. Aug. 13, 2012); State Rec., Vol. I of II.

¹⁴ State *ex rel.* Kennedy v. State, 125 So. 3d 1099 (La. 2013) (No. 2012-KH-2018); State Rec., Vol. I of II.

¹⁵ Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states under penalty of perjury that he placed his federal application in the prison mailing system on March 17, 2014. Rec. Doc. 1, p. 5.

¹⁶ Rec. Docs. 10 and 11. Because petitioner's federal application is in fact untimely, the Court need not address the alternative grounds for dismissal argued by the state.

¹⁷ Rec. Doc. 14.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection A

The state argues in its response, and petitioner does not contest, that Subsection A applies in the instant case. As noted, under that subsection, a petitioner must bring his § 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final." Regarding finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction

>       becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>       Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

Petitioner pleaded guilty and was sentenced on January 25, 2010. Because he did not file a direct appeal within the thirty days allowed by state law, his state criminal judgment became final no later than February 24, 2010.[18] Accordingly, his period in which to file his federal application for *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State

---

[18] See State v. Counterman, 475 So. 2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After three hundred thirty-three (333) days elapsed, petitioner first tolled the federal limitations period by filing his "Motion to Reconsider, Amend, and/or Modify Sentence" with the state district court on January 24, 2011.[19]  Once that application was denied on February 24, 2011, he had until March 28, 2011, to seek review by the Louisiana Fourth Circuit Court of Appeal.[20] When he failed to seek such review, his post-conviction application ceased to be pending on that date and the federal limitations period would normally have resumed. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (a state application ceases to be pending when the time for supervisory review expires).

---

[19]  The Court notes that petitioner previously filed a "Motion for Copies of Sentencing Transcript and Uniform Commitment Sheet" and a "Motion for Return of Personal Property Held in Evidence" in June of 2010.  State Rec., Vol. I of II.  However, those motions cannot be considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they do not directly call into question the validity of petitioner's convictions or sentences.  See Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (noting that tolling is warranted only for motions or applications which seek "review" of the judgment pursuant to which the petitioner is incarcerated); see also Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[20]  A litigant has thirty days to see review by a Louisiana Court of Appeal.  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007).  Because the thirtieth day here fell on a Saturday, petitioner had until Monday, March 28, 2011, to seek further review.  See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

However, the limitations period did not in fact resume at that point in this case, because petitioner had already again tolled it by filing his post-conviction application on March 1, 2011. Although that application was denied on March 15, 2011, tolling continued uninterrupted for the duration of the post-conviction proceedings, so long as petitioner sought supervisory review in a timely manner. Id. Because he timely sought review by the Louisiana First Circuit Court of Appeal, tolling continued until August 31, 2011, i.e. thirty days after the Court of Appeal denied relief, when his time expired for seeking further review by the Louisiana Supreme Court.[21] Id.[22]

When tolling ceased on August 31, 2011, petitioner, having already allowed three hundred thirty-three (333) days to elapse as previously explained, had only thirty-two (32) days of the federal limitations period remaining. Accordingly, in the absence of further tolling, his federal *habeas corpus* application would be timely only if filed on or before October 3, 2011.[23]

---

[21] See Louisiana Supreme Court Rule X, § 5(a) (providing for a thirty-day period for seeking review of a decision of a Court of Appeal).

[22] The undersigned is aware that, in its response, the state argues that petitioner should receive no tolling credit whatsoever for the Court of Appeal writ application, arguing that the application failed to comply with Rule 4-5 of the Louisiana Uniform Rules - Courts of Appeal, and, as a result, was not "properly filed" as required for tolling under § 2244(d)(2). There is support for the state's argument. See, e.g., Reynolds v. Cain, Civ. Action No. 13-41, 2014 WL 688973, at *4-6 (M.D. La. Feb. 20, 2014); Clark v. Rader, Civ. Action No. 10-0308, 2012 WL 589207, at *4-6 (M.D. La. Jan. 20, 2012), adopted, 2012 WL 589213 (M.D. La. Feb. 22, 2012), aff'd, 721 F.3d 339 (5th Cir.), cert. denied, 134 S. Ct. 698 (2013); Mark v. Michael, Civ. Action No. 08-1261, 2008 WL 4365929, at *3 n.18 (E.D. La. Sept. 23, 2008). However, the Court need not decide that issue in the instant case. *Even if* the Court, acting an of an abundance of caution, assumes that petitioner's case is distinguishable and that he is entitled to tolling based on his writ application, his federal application is still untimely for the reasons explained in this opinion.

[23] Because the thirty-second day fell on a Sunday, petitioner's deadline was extended through the following Monday, October 3, 2011. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period

Because petitioner filed no other state applications by that date, he obviously is not entitled further statutory tolling. Although he filed a number of such applications on or after February 28, 2012, the federal limitations period had already expired at that point. It is clear that applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [is] nothing to toll." Butler, 533 F.3d at 318.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence

---

in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). By entering his unconditional pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Moreover, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[24] petitioner does not invoke McQuiggin and, in any event, he has not alleged, much less shown, that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than

---

[24] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty. See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013). But see Green v. Williams, No. 3:11-CV-00455, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

October 3, 2011, in order to be timely under 28 U.S.C. § 2244(d)(1)(A). His federal application was not filed until on or after March 17, 2014, and, therefore, it is untimely.

### Subsection D

Out of an abundance of caution, the undersigned makes an additional observation. Although neither party advances the argument, one could perhaps contend that 28 U.S.C. § 2244(d)(1)(D) applies in the instant case. However, even if that subsection were applied, petitioner's federal application would still be untimely for the following reasons.

As noted previously, Subsection D delays the commencement of the one-year federal limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In this case, petitioner's claim is that his guilty pleas were conditioned on an agreement that he would be transferred to New Jersey to serve his sentences.[25] He subsequently learned that he would not be transferred as he anticipated. Based on the foregoing, he argues that he is entitled to relief because his plea agreement has been breached.

However, the record shows that, on March 22, 2010, New Jersey authorities informed petitioner by letter that he would not be returned to New Jersey until after he had served his sentences in Louisiana.[26] Even if the Court assumes that the letter served as the "factual predicate"

---

[25] Petitioner was on parole for a New Jersey conviction when he was arrested on the Louisiana charges. As a result, he faces revocation of that parole and a lengthy sentence in New Jersey in addition to the Louisiana sentences.

[26] State Rec., Vol. I of II, Letter to petitioner from Richard Turback of the New Jersey State Parole Board dated March 22, 2010.

of petitioner's claim and that the "factual predicate" could not have been discovered prior to March 22, 2010, it would not aid petitioner.

Under that scenario, petitioner's one-year limitations period would have commenced on or about March 22, 2010. Three hundred seven (307) days would then have elapsed untolled before he filed his "Motion to Reconsider, Amend, and/or Modify Sentence" with the state district court on January 24, 2011. For the reasons previously explained, tolling would then have commenced on that date and continued until August 31, 2011. At that point, petitioner would have had only fifty-eight (58) days remaining. Accordingly, in the absence of further tolling, his federal *habeas corpus* application would be timely only if filed on or about October 28, 2011. Because he is not entitled to further tolling,[27] his federal application would therefore have been years too late even under Subsection D.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Terrance Kennedy be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[27] He is not entitled to further statutory tolling because his next state application for post-conviction or other collateral review was not filed until February 28, 2012, long after the federal limitations period had already expired. Further, as already noted, he has not argued or established that he is entitled to equitable tolling or that the McQuiggin exception applies.

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[28]

    New Orleans, Louisiana, this seventeenth day of March, 2015.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[28] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.